# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **WINSTON KEITH GOFORTH,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:02-cv-94-1(HL) |
| **DR. ODERINDE and DR. PARIS,** | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Recommendation entered September 5, 2007 [Doc. 166]. Defendants Oderinde and Paris have filed Objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1)(C). Plaintiff, Winston Keith Goforth, has responded to Defendants' Objections, as permitted by Federal Rule of Civil Procedure 72(b)(2). The Court, having given de novo consideration to those portions of the Recommendation to which objection is made, hereby accepts the Recommendation.

Goforth tested positive for Hepatitis C in March of 2001, while he was in the custody of the Georgia Department of Corrections. Goforth alleges that Defendants failed to properly treat his medical condition and that their failure to do so was the result of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Defendants moved for summary judgment as to all claims against them; the Magistrate Judge

recommends that summary judgment be denied.

It is undisputed in this case that although Goforth was diagnosed with Hepatitis C in 2001, he did not begin receiving treatment until 2005. It is also undisputed that the medical community's understanding of the disease was evolving during that period and continues to evolve. Defendants maintain that given the uncertainties of the disease and the lack of agreement among the experts that no liability should be imposed against them. Goforth maintains that during the time that Defendants refused to provide him with treatment for the disease, there was a medically accepted course of treatment available that should have been provided. The Court finds that there is sufficient evidence in the record to create jury questions as to whether, during the relevant time period, the medical community recognized an appropriate treatment for the disease and, if so, whether Defendants' failure to provide it amounted to mere negligence or rose to the level of a constitutional violation. Furthermore, the record reveals sufficient evidence to create questions for the jury as to whether Defendants' conduct was motivated by the costs of Hepatitis C treatment, which caused them to refuse to follow accepted medical practices.

In objecting to the Magistrate Judge's Recommendation, Defendants attempt to define this case as a medical judgment case which is not actionable at a constitutional level. However, there is sufficient evidence in the record, which if credited by a jury, would be sufficient to enable it to find that Defendants knowingly failed to provide an accepted medical treatment for Plaintiff's diagnosed Hepatitis C, and that the failure to provide the accepted medical treatment resulted in cirrhosis of the liver, contributed to

Plaintiff's development of diabetes, and caused unnecessary pain and suffering. The jury could also conclude that the Defendants' failure to treat Plaintiff's condition when it was first diagnosed also caused the treatment to be unsuccessful when it was finally started in 2005.

In sum, the Court is not persuaded by Defendants' arguments that the Magistrate Judge erred in recommending that summary judgment be denied. Accordingly, the Recommendation is accepted by the Court; Defendants' Motion for Summary Judgment (Doc. 136) is denied.

**SO ORDERED**, this the 31st day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls